ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| RADAMES JORDAN ORTIZ<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES DOS MARINAS 1 y DACo<br><br>Recurridos | **KLRA202500232** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento Asuntos del Consumidor<br><br>Caso Núm.:<br><br>Sobre: Impugnación nuevo Reglamento |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece ante este foro el Sr. Radames Jordan Ortiz (señor Jordan o "el recurrente") y nos solicita que revisemos una *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo), notificada el 6 de febrero de 2025. Mediante el referido dictamen, el DACo declaró *No Ha Lugar* a la querella instada por el recurrente.

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el recurso por falta de jurisdicción.

### I.

Del recurso ante nuestra consideración surge que, el 30 de agosto de 2024,[1] notificada el 6 de septiembre de 2024,[2] el señor Jordan presentó una *Querella* ante el DACo en contra del Sr. Julio Pérez Babilonia, Presidente de la Junta de Directores del Condominio Dos Marinas I, el Sr. Sergio Ramos, Administrador del Condominio y la Sra. Olga Rivera (Consejo de Titulares o "los

---

[1] *Querella*, págs. 16-17 del apéndice del recurso.
[2] *Notificación de Querella*, págs. 111-116 del apéndice del recurso.

recurridos"). En esencia, alegó no estar de acuerdo con las enmiendas realizadas al Reglamento del Condominio. Por lo que, solicitó fuera declarado nulo.

El 6 de febrero de 2025, el DACo notificó una *Resolución* declarando *No Ha Lugar* a la *Querella*.[3]

En desacuerdo, el 26 de febrero de 2025, el recurrente presentó una *Moción de Reconsideración*.[4] En esta, expresó que el DACo no tenía jurisdicción para adjudicar asuntos relacionados a pólizas de seguro.

No obstante, transcurrido el término para que el DACo atendiera la moción de reconsideración, el señor Jordán presentó el 21 de abril de 2025, el recurso de epígrafe. Mediante el cual formuló los siguientes señalamientos de error:

> Erró la Agencia Administrativa DACO, al no evaluar toda la evidencia sometida por "la recurrente" que sostiene la alteración, fraude en las hojas de asistencia. El incumplimiento con la cantidad de votos (2/3) partes requeridos por ley para aprobar enmiendas al reglamento y la notificación a los titulares ausentes.

> Erró la Agencia Administrativa DACO, incumplir con su deber ministerial de proteger los derechos fundamentales de los titulares, dispuestos en la ley de condominios.

> Erró la Agencia Administrativa DACO, al desviarse de la controversia de umbral que versa sobre la aprobación de enmiendas al reglamento y proceder con una determinación de cierre y archivo a base de una alegación sobre la cual carecía de jurisdicción.

El 7 de mayo de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida el término dispuesto en nuestro Reglamento para que presentara su alegato.

---

[3] *Resolución*, págs. 20-23 del apéndice del recurso. La *Resolución* recurrida está incompleta para su evaluación.
[4] *Moción de Reconsideración*, págs. 24-27 del apéndice del recurso.

Luego de una solicitud de prórroga, el 4 de junio de 2025, el Consejo de Titulares presentó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción*. En síntesis, sostienen que el recurso de epígrafe fue presentado fuera del término jurisdiccional de 30 días, por lo que, carecemos de jurisdicción.

El 5 de junio de 2025, emitimos una *Resolución* en la cual le concedimos al recurrente hasta el 13 de junio de 2025 para que se expresara sobre la moción de desestimación.

En cumplimiento con nuestra orden, el recurrente presentó una *Moción en Oposicion a Solicitud de Desestimación*.

Luego de evaluar el *Recurso de Revisión* la moción de desestimación y su oposición, procedemos a resolver.

**II.**

**-A-**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) establece en su Sección 3.15 el término que posee una agencia administrativa para acoger y atender una moción de reconsideración. En lo pertinente dispone:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la

resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. […]. 3 LPRA sec. 9655.

**-B-**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico y otros*, 211 DPR 521 (2023); *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales tenemos que ser celosos guardianes de nuestra jurisdicción y tienen el deber ineludible de auscultar dicho asunto con preferencia sobre cualesquier otro. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan

conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank,* supra.

En ese sentido, en reiteradas ocasiones nuestro Tribunal Supremo ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.; Fideicomiso de Conservación de Puerto Rico y para la Naturaleza, Inc. v. Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico y otros*, supra.

Una de las instancias en las que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso prematuro, puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Martinez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Sobre este particular, nuestro más Alto Foro ha expresado:

> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas

desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015).

Finalmente, es necesario señalar que la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> […]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

En el caso de autos, al evaluar el recurso de revisión ante nuestra consideración, determinamos que procede su desestimación. En esta ocasión, el recurso del señor Jordán ha sido presentado fuera del término dispuesto para ello.

El DACo notificó su *Resolución* final el 6 de febrero de 2025, no obstante, la fecha en el sobre del correo postal indica 7 de febrero de 2025. En la referida *Resolución*, apercibió claramente a las partes de su derecho a solicitar una moción de reconsideración. Además, específico el término sobre el derecho a

reconsideración y revisión judicial, el apercibimiento disponía lo siguiente:

> Toda parte afectada por la presente Resolución podrá solicitar Reconsideración al DACO y/o acudir en Revisión Judicial ante el Tribunal de Apelaciones. Lea con atención los apercibimientos que se detallan a continuación para hacer uso de estos derechos.
>
> […]
>
> Si el Departamento dejare de tomar alguna acción en relación a la Moción de Reconsideración dentro de los quince (15) días de recibida, se considerará rechazada de plano, y el término de treinta (30) días para solicitar Revision Judicial al Tribunal de Apelaciones comenzará a contar a partir de ese momento.
>
> […].

El recurrente presentó su *Moción de Reconsideración* el 26 de febrero de 2025, dentro del término para solicitarla. Sin embargo, el DACo tenía hasta el 13 de marzo de 2025, para atender la reconsideración. Al transcurrir dicho término, y no atenderla se consideró rechazada y el término de 30 días para presentar el *Recurso de Revisión* ante este Foro comenzó a transcurrir.

Así pues, el señor Jordán tenía hasta el 14 de abril de 2025 para presentar el recurso de revisión. Sin embargo, este fue presentado el 21 de abril de 2025, fuera del término jurisdiccional de 30 días establecido en nuestro ordenamiento jurídico. Por consiguiente, carecemos de jurisdicción para atender el recurso ante su presentación tardía.

Enfatizamos que, cuando se presenta un recurso tardío, este adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre,

puesto que su presentación carece de eficacia y no produce ningún efecto jurídico.

## IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones